

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00394-CR

GARY WAYNE TARVER                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

After Appellant Gary Wayne Tarver pleaded guilty to driving while intoxicated-subsequent offense and pleaded true to enhancement paragraph one alleged in the indictment, the jury assessed his punishment at twenty years'

---

[1]*See* Tex. R. App. P. 47.4.

imprisonment and a $10,000 fine.[2]  *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (West Supp. 2013).  The trial court sentenced him accordingly. Tarver appealed.[3]

Tarver's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel's brief and motion meet the requirements of *Anders v. California*[4] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court afforded Tarver the opportunity to file a brief on his own behalf, and he has done so.  The State filed a letter with this court stating that it agrees with Tarver's appointed counsel that the appeal is frivolous.[5]

---

[2]The indictment alleged two enhancement paragraphs, but after acknowledging to the trial court that enhancement paragraph two did not properly allege a felony conviction, the State proceeded only on the first enhancement paragraph.

[3]Although Tarver's notice of appeal was not timely filed, the court of criminal appeals granted him an out-of-time appeal because appointed appellate counsel was not timely notified of his appointment.  *See Ex Parte Tarver*, No. WR-78629-03, 2013 WL 3855656, at *1 (Tex. Crim. App. July 24, 2013) (not designated for publication).

[4]386 U.S. 738, 87 S. Ct. 1396 (1967).

[5]Tarver subsequently filed a letter in this court, which we construe as a motion requesting that we order the State to file a brief responding to the issues that Tarver set forth in his pro se brief.  Because the State is not required to file a brief, we deny the motion.  *See, e.g., Little v. State*, 246 S.W.3d 391, 398 (Tex. App.—Amarillo 2008, no pet.) (noting that when State fails to file a brief, appellate court should conduct independent analysis of merits of appellant's claims).

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Tarver's pro se brief. The record shows that Tarver was represented by an appointed attorney at trial. The written judgment in the record shows that the trial court ordered Tarver to pay court costs of $1,524. According to the bill of costs in the record, of the $1,524 in court costs, $930 is for Tarver's appointed attorney's fees. However, there is no evidence in the record indicating a change in Tarver's status as an indigent defendant.

For purposes of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2013); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Furthermore, the record must reflect some factual basis to support the determination that the appellant was capable of paying all or some of his attorney's fees at the time of the judgment. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2013); *Wiley*, 410 S.W.3d at 317 ("[I]n the absence of any

3

indication in the record that [an indigent defendant's] financial status has in fact changed, the evidence will not support an imposition of attorney fees."). No objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556. When the record does not contain a factual basis to support imposition of attorney's fees, the proper remedy is to delete it. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

Because our review of the record reveals that there was never a finding by the trial court that Tarver's financial circumstances changed such that he was able to pay all or a portion of his appointed attorney's fees, we modify the trial court's judgment to reflect that the total amount of "Court Costs," after subtracting $930 in improperly-assessed appointed attorney's fees, is $594. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed); *see also, e.g.*, *McCardle v. State*, No. 07-13-00384-CR, 2014 WL 1004641, at *2 (Tex. App.—Amarillo Mar. 11, 2014, no. pet. h.) (mem. op., not designated for publication) (modifying judgment in *Anders* case to delete assessment of attorney's fees unsupported by record); *Morgan v. State*, No. 04-12-00359-CR, 2013 WL 6869009, at *1 (Tex. App.—San Antonio Dec. 31, 2013, no. pet.) (mem. op., not designated for publication) (same). We also modify the order to withdraw funds attached to and

incorporated into the judgment as Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $10,594.[6]

Except for these necessary modifications to the trial court's judgment and the order to withdraw funds, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 17, 2014

---

[6]This figure is comprised of the $594 of remaining court costs after deleting the appointed attorney's fees and the $10,000 fine assessed by the jury.